Your Honor, the first case is a morning call, 217-0119, People v. Delrinda Ahrens-Lupo. On behalf of Ms. Lupo, Ms. Shade Valiz-Hedrick. On behalf of People, Mr. Steven Rogers. All right, are both sides ready to proceed? Yes, Your Honor. Then you may begin when you're ready. Good morning, Your Honors. Counsel, may it please the Court. My name is Shade Edwards, and I represent Dependent Appellant, Lorinda Ahrens-Lupo. Lorinda was charged with four counts of battery, two as to Paul Petito and two as to Valerie Reagan. Now, all four charges stemmed from essentially a late night fight in an empty parking lot with Paul and Valerie against Lorinda. We're raising two issues on appeal, first being the erroneous admission of a squad car video. Second, the prosecutor's improper arguments on the photo. Starting with the squad car video, Lorinda was denied a fair trial by the erroneous admission of the squad car video that was irrelevant and highly prejudicial. To summarize, the video showed what happened upon Officer Clinton's arrival on scene. Now, he testified and confirmed that he arrived after the fight had already ended. There was no more physical contact at that point, the fight was over. Now, Lorinda admitted to making physical contact with both Paul and Valerie, but she said that she did so in self-defense. She felt that it was two on one. Now, since the case turned on self-defense, the material issue was who initiated the physical contact. So, before and during the fight is what was probative here. The officer testified to, when he arrived on the scene, what he saw correctly, correct? Yes, Your Honor. And testified that one of the things they saw was your client's, you know, I guess demeanor. Yes, he did. Was defense counsel ineffective for not objecting to that testimony? I'm not sure I would say that defense counsel was ineffective, but I would argue that defense counsel may not have objected due to the court's earlier ruling on the video and to prevent not drawing more attention to that testimony, because at the end of the day, that did enhance the prejudicial nature of the video. I mean, for one, Officer Flinton repeatedly called Lorinda a fender throughout his testimony, and he characterized her as hostile and irate. And this testimony was followed by the video. But what I'm getting at is the officer's testimony of the defendant's demeanor upon his arrival, that was relevant, wasn't it? No, Your Honor, it wasn't, because it was what happened after the fact. And that's what the video showed. What happened after the fact didn't prove or disprove whether or who initiated the contact between these parties, especially since the bulk of the video actually showed a heated verbal altercation between Lorinda and Officer Flinton, which was unrelated to the fight. That verbal altercation between Lorinda and Officer Flinton was actually over Officer Flinton's persistent refusal to allow her to collect her belongings that were somewhere in the parking lot. So you're saying that something like the video, which shows her demeanor towards the end of the altercation, you're saying that that's not relevant, right? Yes, because the altercation had ended, at least with Valerie and Paul. I mean, yes, Valerie and Paul. If there is evidence of her demeanor, at what point does that relevance cease to be? At what point does that evidence cease to be relevant? Let's say if that had been in the middle of the altercation, would it have been relevant? In the middle of the fight, yes, it would have been. Okay, so it's not just the very beginning. You're saying then it could also be the middle of the altercation. Yes, so before and during is what was probative. But not the end? Not the end. Okay. Especially since it was about an unrelated matter. It didn't have anything to do with the fight. So it didn't prove or disprove whether or who started the fight between Lorinda and Paul or who started the fight between Lorinda and Valerie. So the video proved only that Lorinda was upset because the officer persistently refused to allow her to get her belongings and accordingly treated her as an offender. Now, even if her demeanor was somehow relevant, which we contend that it isn't, the danger of unfair prejudice substantially outweighed any positive value it could have had. It was used only to portray Lorinda as a bad person in the eyes of the jury. And for this reason, the jury should find that she started it between Paul and she started it between Valerie. I mean, comparing the demeanor of the three people involved in this altercation, I mean, the other two, one was kind of sobbing, the woman was apparently sobbing, we could hear her. The man was, Petito or whatever his name is, he wasn't, his demeanor wasn't the same as your client's, was it? From what I recall, no, but they all were in, had heightened emotions in the video. And to that point of you can hear someone crying in the video, that also enhances the prejudice here because there was no foundation laid for that, but the jury was still exposed to that. And it can be reasonably inferred that that was Valerie, my friend in the background. And you can also hear Paul making certain statements that there also was no foundation for that as well. So, this video was a material factor in her conviction because the case as to what happened between Lorenda and Valerie, that case was closely balanced. Credibility was the only basis to which the jury had to decide the case. There was conflicting versions as to what happened between Lorenda and Valerie. We have Lorenda and Paul confirming that Valerie did get out of the car, and we have Paul admitting that he weaved Valerie over during the altercation. The only person who said that Valerie didn't get out of the car was Valerie. Her version was, I opened the door, got my feet out, Lorenda said, do you want to fight? I said, no thank you, and from 20 feet away, Lorenda rushed her. That was what the jury had before them. And the video didn't prove or disprove either version of events because it only showed what happened after the fact. Officer Flinton's testimony didn't prove or disprove anything because he also arrived after the fact. So the jury essentially had to decide, do we believe what Lorenda is saying or do we believe what Valerie is saying? This video definitely was prejudicial to her in that regard. In addition, as noted before, the officer's testimony, it certainly enhanced the prejudice. I mean, he called her offender repeatedly and characterized her as hostile and irate, but characterized the complainants as nearly frustrated or distraught. And in addition to that, the state's closing argument relied heavily on the video and Officer Flinton's testimony combining it to make that inference that because of what you saw in this video, you should find her guilty. She initiated because of what you saw in this video. What about specifically the evidence as it related to Reagan? I mean, you see the evidence about who started what and all that, but they acquitted her of most of the charges, correct? Yes, Your Honor. So you have Reagan's testimony as to what happened with her being dragged out of the car by her hair. And the only other evidence we have about her is the defendant's testimony that she saw Reagan coming toward her, so she went and grabbed her by the hair and threw her to the ground. Yes, Your Honor. So, I mean, isn't that evidence overwhelming, at least as it relates to Reagan? No, it's closely balanced as to what happened between Ms. Reagan and Lorenda, because the jury was only left with the testimony of Lorenda and Ms. Reagan. And there was no extraneous evidence to corroborate or contradict either version. Correct, but both versions. I mean, the defendant said, I saw this woman walking, coming toward me, so I ran up to her, I grabbed her, and I threw her on the ground by the hair. Where's the self-defense in that? Well, we also have Paul admitting to leaving Valerie over, so this self-defense claim, it's also whether Lorenda had a reasonable belief at the time or during this altercation. And from her perspective, Paul, who's already making physical contact with her, who also admitted to punching her at some point, we have him admitting to leaving Valerie over, and then we have Lorenda saying, there's someone running towards me. I don't know what's happening. I feel like it's two on one. So that's where the self-defense claim does come in here and why it was closely balanced, because we have nothing to prove either version except their testimony. If there are no more questions on that issue. Lorenda was also denied a fair trial by the prosecutor's improper argument on rebuttal. To summarize the argument, the prosecutor essentially stated that, I don't even think that defense counsel believes Lorenda. Wasn't there an immediate objection and correction by the court sustaining that objection? There was. The court did sustain the objection and made an instruction to counsel. But it was in the presence of the jury. It was in the presence of the jury, but the court never directly addressed the jury or told them to disregard what they had heard. Instead, in addition to that, the sustained objection was also slightly vague in that the court said sustained as to what counsel believed, but there were arguably two personal beliefs or opinions in that one statement. Well, the trial court said, I think almost a quote of it, directed counsel to refrain from stating personal opinions. Yes. So wouldn't a reasonable juror know that what counsel just stated as personal opinions should be disregarded? Well, I think it would have been more curative to still instruct the jury to disregard and what specifically to disregard. I think leaving it ambiguous and for the jury to decide doesn't necessarily cure the prejudice that was caused. I mean, the trial judge did, in fact, instruct the jury, again, at the close of the case, to disregard any statements made by the attorneys during arguments that were not based on the evidence. And clearly, personal opinion is not based on the evidence. Yes, Your Honor, but that's also leaving it to the jury to determine which statements were and were not personal beliefs or opinions, especially where, I mean, the beginning of the rebuttal argument was arguably a statement of personal belief. I mean, the prosecutor set it up without saying specifically, oh, this counsel didn't believe. Instead, that inference was made throughout rebuttal by simply saying, oh, no mention of this, no mention of that. And in addition to that, after the objection was sustained, the prosecutor continued on with this argument. Oh, no mention of this, no mention of that, but we want to believe defendant's version as it pertains to Valerie? Right. That inference is certainly still there. And the sustained objection and instruction apparently fell on deaf ears. I mean, I understand your argument, but you're not arguing that the remainder of the argument was objection. No. Just the theme that defense counsel doesn't believe in the defendant's innocence. And in addition to that, just the long sustained objection and vague instruction was essentially the equivalent of driving a nail into a board, taking the nail out and expecting the hole to be gone. It's still going to be there. The prejudice was still there. It's not cured. And for these reasons, we ask that you reverse her conviction and remand for a nuclear trial. Thank you. Thank you. Good morning, Your Honors. Counsel, may it please the court. My name is Stephen Rogers, and I represent the people of the state of Illinois. Your Honors, on the video issue, the video was about a 90-second clip from the officer's dash cam as he's pulling into a parking lot. Officer Flinton sees this fight in progress from around 60 or 70 yards away and pulls in. He catches the last few seconds of the altercation, which at that point was only verbal, and then there was a brief interaction between Officer Flinton and the defendant at the end of the video. The defendant's demeanor, especially in light of her testimony, that she felt this was a two-on-one fight, which was a potential robbery. I think any reasonable person in that position would be welcoming of police and certainly wanting to get some space from two people who were allegedly two-on-one attacking her. So I think the defendant's demeanor is relevant in that context. And in addition to this— Assuming her demeanor is relevant, how is it relevant that there's a woman sobbing in the background that pretty clearly is Reagan and that Butita is heard on the tape saying that the defendant attacked his girlfriend? How is that relevant? Well, Your Honor, Paul's comment might not be relevant, but the defendant in this case admitted to making initial contact with Valerie. So I don't think it added anything above what the defendant's own testimony did, that when Valerie came out of the car, she threw her to the ground. So she admitted to making the contact. So, I mean, it just wasn't in dispute. So even if it wasn't relevant, it couldn't have done any harm. And then as it pertains to Valerie whimpering, Officer Flint testified that as he got out of his car that Valerie was distraught and showed signs of physical injury. And so, again, even if it wasn't relevant, the whimpering on the video, it also couldn't have been prejudicial when there was testimony that hit the same point. And also, similarly, in light of defendant's testimony that Valerie's out there charging at her, defendant says the officer pulls up around five seconds later and Valerie went from this aggressive individual charging her to get into a fight to a sobbing individual at the side of the car. And so I think it's relevant to defendant's testimony that these two people are the aggressors. And then Officer Flint testified to pretty much everything that was on the video. Defendant was aggressively approaching Paul when he came up. She had clenched fists. She was obviously yelling at Paul. She testified that Valerie was distraught. And then he also testified that defendant had to be instructed multiple times to return to her car. So everything that was complained of about the video was also included in Officer Flint's testimony, and no objections were made to any of that testimony. Is it plain error? Is it plain error to submit the video? Well, you're suggesting that the video is okay because the officer testified to the same thing and no one objected. Well, Your Honor, so two points. One is the video is okay on its own based on its relevance in the trial court's decision. It has to be arbitrary or unreasonable to constitute an abuse of discretion. But I think even if you look past that, it's harmless. If it was error, it would be harmless based on the testimony. In regard to the closing argument, defendant has the burden not only to establish that improper remarks were made but also that the remarks engendered substantial prejudice such that it is impossible to say whether the remarks resulted in a guilty verdict. I think there are four main reasons why there was not that level of prejudice in this case. The first is that the trial court sustained the only objection to this line of argument and instructed the State that it was to refrain from stating personal opinions or beliefs, which clearly sent a signal to the jury that that was improper argument that was not to be considered. How do we infer that? I mean, a trial court should know if this is something the jury shouldn't consider, you tell the jury that. And he or she did not do that. I did not say it directly, Your Honor. Early on in the instructions, the trial court did say if there's an objection made to testimony and that objection is sustained, you are to disregard the testimony. I think it goes the same way in arguments in that a reasonable jury, if an objection is sustained, understands they are to disregard the prior comments. And it was done immediately. It wasn't at the end of all this argument where maybe they would be confused as to what part they were to consider and what part they were not. And when the trial court directs the comment at the State, I think that obviously sends a clear signal to the jury that that is an improper argument. In addition and similarly, the trial court decided the issue of prejudice in the motion for a new trial. And so the trial court said I was there to observe the argument, the way it was done, and the jury's reaction. And the trial court felt that the sustaining of the objection and the instruction to the State cured any prejudice based on that error. Does our standard of review come into play here at all? And if it does, which one do we follow? Well, it's interesting, Your Honor. First, you know this is an open issue, and courts now are starting to take sides, it seems. But the court sustained the objection, and so it's almost I'm not even arguing the court. Well, I wouldn't argue the court abused its discretion, but it did the right thing in sustaining the objection and then instructing the State. So I don't think the standard of review does come into play in this case because we both agree the trial court made the right decision by sustaining the objection. You can see these comments were improper. This specific comment that I don't think the defense counsel believes, yeah, absolutely. I don't think. I think everything around it was getting at the defense theory of the case and defendant's credibility, but that specific comment was unfair. And both parties in this case did discuss in closing the jury instruction that says the jury is the sole arbiter of a witness's believability. And so that drives home the point that the jury themselves are to determine who is credible and who is not, and not the prosecutor or defense counsel. And then defendants cited in a number of cases, and the State responded, Weinstein, Wheeler, Berenger, Lopez, cases where even though some objections were sustained, the argument was so egregious that a new trial was warranted. But this case, there was a single objection made. It was sustained. The jury was instructed. And by and large, the State's argument did attack the defense theory of the case and defendant's credibility. And so this doesn't rise to that level of a case where egregious arguments are made that warrant a new trial. If Your Honors don't have any further questions. No. State respectfully requests that this Court affirm the defendant's evidence. Thank you. Do you wish to reply? Sure. Thank you. I would like to briefly discuss the State's argument as to Officer Flinton testifying as to everything that was in the video. Not everything that was in the video was testified to by Officer Flinton. The whimpering was certainly not testified by Officer Flinton. And the Court noted this prior, well, during the Instructions Conference. The Court specifically instructed the parties not to argue about Valerie whimpering in the background or Paul's statement about Valerie being hit because it was extraneous material. The Court noted this. And despite this instruction, the prosecutors still argued that on closing. For example, they said, you saw the video. Officer said when he arrived, he saw the defendant striking Paul. And Valerie's upset, crying. The officer arrives and he sees the defendant strike something, Paul. The video did not show that. The video did not show any physical contact whatsoever. So this argument placed or highlighted the video into something that it wasn't. The video only showed what happened after the fact. And Officer Flinton certainly did not testify to every single detail in that video. And in addition, seeing something is different from hearing it. And in addition to that, although it was redacted into a minute or so video, it was still prejudicial. It doesn't mean that the prejudice is completely erased by redacting it. It was still there. Did the officer testify that Regan was crying on his arrival? No. He testified that she was distraught, but that's not the same as crying. And in regard to the improper rebuttal argument, it was not an isolated remark. It was a theme. And in light of the earlier text and the language used, the prosecutor certainly went on with that improper theme. Did he say that more than once? Not that specific statement, no. He only said it one time. Yes. Well, isn't it exactly what the prosecutor is supposed to be doing is to attack a defense's case and say it is not credible that this was a self-defense? I mean, I grant you saying that counsel does not believe his client or words to that effect. That is improper. There's no ifs, ands, or buts about it. But isn't that otherwise what the prosecutor is supposed to be doing? Otherwise, yes. But the inference that defense counsel didn't believe was still there. The whole line of argument. Can you point to an example of that other than the one statement we've been talking about? The prosecutor, when he was setting up his rebuttal, he consistently said, maybe without saying defense counsel,  there was no mention of that in closing. Why? Why is this? Because defendant's lying. And then he built up to. But he can do that. A prosecutor can certainly imply and state outright that the defendant is misrepresenting or lying. But it's the personal attack on counsel. When the prosecutor finally made that statement, that inference was there. And it was clear that thereafter, that's what the prosecutor actually meant when it was saying no mention of this, no mention of that. Because defense counsel doesn't believe. That's why. So if there are no further questions, I'm going to continue. We would ask that you, again, reverse your conviction and remain for a new trial. Thank you. Thank you very much. My argument is by both sides. We will be in recess until our next case at 9.